UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. |
| v. : | Violations: |
| : | 18 U.S. C. § 371 (Conspiracy) |
| NAZIM S. KHAN, : | |
| Defendant. : | 18 U.S.C. § 981(a)(1)(C) |
| : | 28 U.S.C. § 2461(c) (Criminal Forfeiture) |

## I N F O R M A T I O N

The United States Attorney charges:

### COUNT ONE
### (Conspiracy to Commit Interstate Transportation of Stolen Property)

#### Relevant Entities and Individuals

1. The defendant, NAZIM S. KHAN ("NAZIM KHAN"), controlled KC Builders Custom Homes LLC ("KC Builders"), a limited liability company with offices in Accokeek, Maryland. KC Builders was in the business of commercial and residential construction. NAZIM KHAN was the brother of KERRY F. KHAN.

2. Until October 4, 2011, KERRY F. KHAN ("KERRY KHAN"), was an employee of the U.S. Army Corps of Engineers ("USACE"). While a USACE employee, KERRY KHAN was a public official. KERRY KHAN worked out of the USACE's Headquarters at 441 G Street, N.W., in the District of Columbia. KERRY KHAN was a Program Manager and Contracting Officer's Technical Representative for the USACE's Directorate of Contingency Operations, which provided deployable technical engineering capabilities to the Department of Defense, United States Army, and other federal agencies. As part of his official duties, KERRY KHAN was responsible for, among other things, placing orders for products and services for the USACE through federal government

contracts, and certifying that products and services provided through government contracts were received by the USACE.

3. The USACE was a branch of the United States Army. Among other things, the USACE administered government contracts.

4. ROBERT L. MCKINNEY ("MCKINNEY") was the founder and President of Alpha Technology Group, Inc. ("ATG").

5. ATG was an international project management and services company that offered its capabilities to federal, state, and municipal agencies as well as commercial companies. ATG maintained its corporate headquarters in Waldorf, Maryland.

### The Bribery Scheme

6. In or around late 2005, NAZIM KHAN introduced MCKINNEY to KERRY KHAN. Prior to that introduction, MCKINNEY and NAZIM KHAN had engaged in business transactions, including commercial and residential development projects using KC Builders. MCKINNEY learned through the introduction that KERRY KHAN was an employee of the USACE. KERRY KHAN learned through the introduction that MCKINNEY was a government contractor.

7. In or about 2006, with KERRY KHAN's assistance, ATG was awarded government contracts with the USACE.

8. In or about 2007, after ATG had obtained direct contracts with the USACE with KERRY KHAN's assistance, MCKINNEY agreed to pay KERRY KHAN in order for ATG to obtain and retain government contracting business with the USACE. The bribe payments were derived primarily from materials and services billed to the USACE by ATG that ATG, at KERRY

KHAN's direction, did not in fact provide to the USACE. These fraudulently inflated amounts were referred to as "overhead."

9. Rather than pay the bribes directly to KERRY KHAN, there was an agreement between KERRY KHAN, MCKINNEY, and NAZIM KHAN to pay KERRY KHAN through KC Builders. KERRY KHAN, MCKINNEY, and NAZIM KHAN agreed that KC Builders would provide a plausible justification for the payments and mask the intended beneficiary of the payments, *i.e.*, KERRY KHAN, because MCKINNEY and NAZIM KHAN had conducted business through KC Builders that was unrelated to the USACE and KERRY KHAN. KERRY KHAN, MCKINNEY, and NAZIM KHAN agreed that NAZIM KHAN would distribute to KERRY KHAN the amounts paid by ATG to KC Builders. Subsequently, as the payments to KC Builders increased in amounts, KERRY KHAN, MCKINNEY, and NAZIM KHAN discussed that KC Builders would retain some portion of the overhead to cover the tax liability incurred by KC Builders as a result of the payments.

10. Between on or about May 30, 2007 through on or about March 3, 2008, ATG paid, directly and indirectly, approximately $611,904 in bribe payments intended for KERRY KHAN to KC Builders. Of this amount, KC Builders retained approximately $83,404 and paid approximately $528,500 to KERRY KHAN.

### The Conspiracy to Commit Interstate Transportation of Stolen Money

11. From in or about May 2007 through in or about March 2008, in the District of Columbia and elsewhere, NAZIM S. KHAN, KERRY F. KHAN, and ROBERT L. MCKINNEY did knowingly combine, conspire, and agree with each other to unlawfully transport, transmit, and transfer and caused to be transported, transmitted, and transferred in interstate commerce, money

totaling approximately $528,500, knowing the same to have been taken by fraud, in violation of Title 18, United States Code, Section 2314.

### Goal of the Conspiracy

12. It was a goal of the conspiracy for NAZIM KHAN, KERRY KHAN, and MCKINNEY to unlawfully conduct and cause to be conducted interstate financial transactions for the purpose of concealing from law enforcement and tax authorities the bribe payments.

### Manner and Means of the Conspiracy

13. Among the means and methods by which NAZIM KHAN and his co-conspirators would and did carry out the conspiracy were the following:

14. On five occasions, MCKINNEY caused ATG to pay a portion of the money ATG received from contracts and subcontracts with the USACE to KC Builders. This money was derived from inflated and fictitious invoices. On all but one of the occasions, ATG issued a check to KC Builders that was deposited into a corporate bank account belonging to KC Builders in Accokeek, Maryland. On the other occasion, ATG wired the payment to the same bank account belonging to KC Builders.

15. After receiving each payment from ATG, NAZIM KHAN caused KC Builders to pay all or a portion of the money to KERRY KHAN in Virginia. On the first two occasions, KC Builders issued a check to KERRY KHAN that was deposited into a personal bank account in KERRY KHAN's name in Arlington, Virginia. On the third and fourth occasions, KC Builders wired the payment to a personal bank account held in the name of KERRY KHAN and another family member in Arlington, VA. On the fifth occasion, KC Builders wired the payment to a different personal bank account in KERRY KHAN's name in Arlington, Virginia.

16. On the final three occasions, KC Builders retained a portion of the stolen money received from ATG in order to cover the tax liability incurred by KC Builders as a result of the payments.

## Overt Acts

17. In furtherance of the conspiracy, and to effect the illegal objects thereof, the defendant, NAZIM KHAN, and his co-conspirators committed the following overt acts, among others, in the District of Columbia and elsewhere:

    a. On or about May 30, 2007, MCKINNEY caused ATG to issue a check for $30,000 payable to KC Builders for KERRY KHAN's intended benefit.

    b. On or about May 30, 2007, NAZIM KHAN caused KC Builders to issue a check for $30,000 payable to KERRY KHAN.

    c. On or about June 8, 2007, MCKINNEY caused ATG to issue a check for $15,000 payable to KC Builders for KERRY KHAN's intended benefit.

    d. On or about June 27, 2007, NAZIM KHAN caused KC Builders to issue a check for $15,000 payable to KERRY KHAN.

    e. On or about October 26, 2007, MCKINNEY caused ATG to wire $328,000 to KC Builders for KERRY KHAN's intended benefit.

    f. On or about November 5, 2007, KC Builders wired $300,000 to KERRY KHAN.

    g. On or about March 3, 2008, MCKINNEY caused ATG to issue a check for $50,000 to KC Builders for KERRY KHAN's intended benefit.

      h.      On or about December 12, 2007, KC Builders wired $45,000 to KERRY KHAN.

      i.      On or about March 3, 2008, MCKINNEY caused ATG to issue a check for $188,000 payable to KC Builders for KERRY KHAN's intended benefit.

      j.      On or about March 18, 2008, KC Builders wired $137,000 to KERRY KHAN.

**(Conspiracy, in violation of Title 18, United States Code, Section 371.)**

## FORFEITURE ALLEGATION

1. The violation alleged in Count One of this Information is re-alleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation alleged in Count One, including, but not limited to:

Money Judgment

> judgment in favor of the United States for a sum of money equal to the value of property representing a sum of money constituting or derived from proceeds traceable to the violation alleged in Count One.

3. By virtue of the commission of the felony offense charged in Count One of this Information, any and all interest the defendant has in property, which constitutes or is derived from proceeds traceable to this offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

4. If, as a result of any act or omission of the defendant, the property described above:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c)).**

RONALD C. MACHEN JR.
United States Attorney
In and For the District of Columbia

By: _____
MICHAEL K. ATKINSON
D.C. Bar No. 430517
BRYAN SEELEY
D.C. Bar No. 501681
Assistant United States Attorneys
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, DC 20530
202.252.7817 (Atkinson)
202.252.1749 (Seeley)
Michael.Atkinson2@usdoj.gov
Bryan.Seeley@usdoj.gov

DATED: April 18th, 2012