

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 6, 2012    CL /2-098(EGS)

Richard Seligman, Esquire
The Law Offices of Richard Seligman
1350 Connecticut Avenue, Suite 202
Washington, D.C. 20036

**FILED**
JUN 27 2012
Clerk, U.S. District and
Bankruptcy Courts

Re:    **Nazim Khan**

Dear Mr. Seligman:

This letter sets forth the full and complete plea offer to your client, Nazim Khan, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter, "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to waive indictment, to waive a trial by jury, to waive any objections to venue, and to plead guilty to a one-count criminal Information, a copy of which is attached, which charges conspiracy to commit interstate transportation of stolen property, a felony violation of Title 18, United States Code, Section 371.

Your client understands that pursuant to 18 U.S.C. § 371, the maximum sentence that can be imposed for conspiracy to commit interstate transportation of stolen property is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, an order of forfeiture, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2.  **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.  **Sentencing Guidelines Stipulations and the Stipulated Guidelines Offense Level**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2011) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Rule 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A.  **Offense Level under the Sentencing Guidelines**

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| § 2B1.1(a)(2) | Base offense level | 6 |
| § 2B1.1(b)(1)(H) | More than $400,000 in stolen money | 14 |
| Total | | <u>20</u> |

B.  **Acceptance of Responsibility: 3-Level Reduction**

This Office agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of this Office, through your client's allocution, *adherence to every provision of this Plea Agreement,* and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, this Office agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Based on a 3-level reduction for acceptance of responsibility, your client's **Total Preliminary Offense Level is 17.**

### C. Outstanding Guidelines Issue

This Office reserves the right to maintain at sentencing that a downward departure under § 3B1.2 does not apply because your client was neither a minimal participant nor a minor participant. Your client reserves the right at sentencing to argue for up to a four-level downward departure under § 3B1.2.

### D. Criminal History Category and Stipulated Guidelines Range

The parties agree that, based upon information available to them to date, your client's Criminal History Category is I.

Your client understands that based on the Court's determination of the outstanding Guidelines issue under § 3B1.2, as previously referenced, his **Stipulated Offense Level** and **Stipulated Guidelines Range**, with acceptance of responsibility, could be as low as **Offense Level 13 (12-18 months**, assuming Criminal History Category I) or as high as **Offense Level 17 (24-30 months**, assuming Criminal History Category I). Your client understands that based on the Court's determination of your client's Offense Level, the applicable fine range under the Guidelines will range from $3,000-$30,000 for offense level 13 up to $5,000-$50,000 for offense level 17.

### 4. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range, if determined in accordance with the parties' stipulations in this Plea Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and may suggest that the Court consider a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Plea Agreement limits the right of this Office to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. §3E1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to this Office at the time of the signing of this Plea Agreement, which constitutes obstruction of justice, or (ii) engaged in additional criminal conduct after signing this Plea Agreement.

### 5. Cooperation with the IRS

Your client understands that this Plea Agreement does not resolve any civil tax liability that he may have. The Internal Revenue Service ("IRS") is not a party to this Plea Agreement and remains free to pursue any and all lawful civil remedies it may have. Your client further agrees to cooperate fully with the IRS in any civil examination and determination by it of income taxes related to taxes owed by him for 2007 through 2010 and further agrees not to conceal or dissipate funds or

property that could be used to satisfy such taxes. To this end, if requested by the IRS, your client agrees to meet with the IRS no later than prior to the time of his sentencing. Your client also agrees to undertake to pay all taxes, penalties, and interest found to be lawfully owed and due to the IRS for the years 2007 through 2010. If and as requested by the IRS, your client shall cooperate with and provide the IRS any documentation within his possession and control, other than documents subject to the attorney-client privilege, necessary for a correct computation of all taxes due and owing for the aforementioned calendar years. Nothing in this Plea Agreement shall otherwise limit the IRS in its determination of taxes, penalties, and interest or your client's rights to available process to contest such civil determination.

6. **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Rules 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

7. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Sentencing Guidelines range. This Office cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Sentencing Guidelines range.

8. **Restitution**

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Pursuant to 18 U.S.C. §§ 3664(d)(1) and 3664(h), this Office believes that the amount subject to restitution pursuant to this Plea Agreement and for the conduct set forth in the Agreed Statement of Offense is no more than $611,904. Your client reserves the right to argue that your client's portion of the amount due for restitution may be less than $611,904. Your client understands that the ultimate amount of restitution owed by him in this case will be determined by the Court.

Payments of restitution shall be made to the Clerk of the Court. Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and

subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is incarcerated and sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs the participation or imposes a schedule of payments.

### 9. Forfeiture

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Information to which he is pleading guilty. Specifically, your client agrees to the forfeiture of a money judgment in favor of the United States for $83,403, which represents a sum of money equal to the value of the property constituting or derived from proceeds your client obtained, directly or indirectly, as a result of the violation alleged in Count One of the Information.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order of Forfeiture for this property as part of his sentence.

(c) Your client agrees that this Plea Agreement permits the government to satisfy the referenced money judgment through forfeiture of any of your client's assets, real or personal, regardless of whether a specific asset is identified in this Plea Agreement. Regarding any asset or property not identified specifically in this Plea Agreement, your client agrees to forfeiture of all interest in: (1) any property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violation alleged in Count One of the Information; and (2) any substitute assets for property otherwise subject to forfeiture. *See* 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C); and 21 U.S.C. § 853.

(d) By this plea agreement, your client agrees that he has waived any and all interest he has in these assets or properties and consented to their forfeiture by whatever process the government chooses. Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client already has filed a claim to any of these assets or property in any forfeiture process, he hereby agrees to withdraw it. He also agrees that he will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

(e)     Your client agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this Plea Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Plea Agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time of his guilty plea.

(f)     Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2007, or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by this Office to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by this Office to pass clear title to forfeitable interests or property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(g)     Your client agrees to waive all constitutional and statutory challenges in any manner (including but not limited to direct appeal) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(h)     The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from your client through the forfeiture of $83,403, as referenced in paragraph 9(a) above, be distributed to the victims of the offense in accordance with any restitution order entered in this case.

10.     **Wiring of Plea Agreement**

Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are contingent upon the entry of guilty pleas by co-defendants Kerry F. Khan and Lee A. Khan in this case. If either or both of these co-defendants fails to enter a guilty plea, this Agreement and any proceedings pursuant to this Agreement may be withdrawn or voided at the option of this Office.

11.     **Release/Detention**

This Office will not oppose your client's release pending sentencing. Your client acknowledges that while this Office will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made

by the Court at the time of your client's plea of guilty. This Office may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing or if this Office obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to the community.

### 12. **Breach of Plea Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) this Office will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) this Office will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11.

Your client acknowledges discussing with you Rule 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that this Office shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that this Office need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that this Office reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 13. **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the

applicable statute of limitations on the date of the signing of this Agreement (including any counts that this Office has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 14. Waiver of Appeal and Venue

Your client is also aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2, or (c) the Court imposes a period of incarceration above a total offense level of 17. Further, your client reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, your client knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by this Office in this Plea Agreement. Your client also knowingly and willingly waives his right, if any, to challenge his conviction or appeal the sentence based on venue.

### 15. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Plea Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Plea Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Ronald C. Machen Jr.*
Ronald C. Machen Jr.
UNITED STATES ATTORNEY

*M. K. Atkinson*
Michael K. Atkinson
Bryan Seeley
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Richard Seligman, Esquire. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 6-21-12

Nazim Khan
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 6/27/12

Richard Seligman
Attorney for the Defendant